IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYLER REYNOLDS,<br><br>                Plaintiff,<br><br>vs.<br><br>KIMBERLY GREGGS,<br><br>                Defendant. | 4:17-CV-3090<br><br>MEMORANDUM AND ORDER |

      The plaintiff, Tyler Reynolds, sued the defendant, Kimberly Greggs, in Lancaster County Court for an alleged breach of the parties' lease agreement. *See* filing 1 at 8-10. The defendant has removed the case to federal court under 28 U.S.C. § 1441(a), which allows a party to remove a claim that arises under federal law.[1] In doing so, the defendant suggests that because she is protected by federal statutes, including the Americans with Disabilities Act, the Court has original jurisdiction over the plaintiff's state-law complaint. Filing 1 at 3.

      But this contention is misplaced. Indeed, whether a claim arises under federal law must be determined by reference to the well-pleaded complaint, and "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Thus, because the federal question is not housed in the plaintiff's well-

---

[1] The plaintiff has not moved to remand the case. But the Court is obligated to consider subject matter jurisdiction *sua sponte* where, as here, there is reason to suspect that such jurisdiction is lacking. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

pleaded complaint, the Court does not have federal question jurisdiction.[2] Accordingly, the case will be remanded to the Lancaster County Court.

IT IS ORDERED that this action is remanded to the County Court of Lancaster County, Nebraska.

Dated this 17th day of July, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[2] Nor is there diversity of citizenship such that removal is appropriate under 28 U.S.C. § 1441(a).